[No. 36900.   Department One.   October 31, 1963.]

SAM SORTLAND et al., Respondents, v. RICHARD SANDWICK et al., Appellants, EDWIN SWAN, Defendant.*

*Reported in 386 P. (2d) 130.

*Daniel Frederick Sullivan,* for respondents.

*McMullen & Prince* and *George N. Prince,* for appellants.

HILL, J.—This is a rear-end collision case. Four cars are involved; and we will designate the cars by the names of the drivers. Wayson is the lead car of the four, and he stopped behind other cars waiting at a traffic light; he is not involved in the litigation except as a witness. Sortland is the number two car, and he stopped behind Wayson. Swan is the number three car, and he stopped behind Sortland. (This is the conclusion of the trial court, which was supported by substantial evidence, although the appellant Sandwick urges that Swan stopped because he hit Sortland.) Sandwick is the number four car, and that he hit the Swan car and that it "surged" forward is not disputed. He further testified that he saw no brake lights on the Swan car.

Sortland sustained serious injuries (including brain damage), and brought an action against both Swan and Sandwick.

The case was submitted to the jury on the theory that there could be a recovery against Swan, or against Sandwick, or against both if the jury found concurring negligence.

The jury apparently proceeded on the theory of concurring negligence because it brought in a verdict against both defendants in the sum of $16,000.

Thereafter, the trial court granted a judgment notwithstanding the verdict as to the defendant Swan, dismissed him from the case and entered judgment against the defendant Sandwick. The defendant Sandwick appeals.[1]

Sandwick contends, in his brief, that the verdict was excessive; but did not even refer to this contention, which we find to be entirely without merit, in his oral argument.

---

[1]Sortland did not appeal from the portion of the judgment dismissing Swan from the case.

As appellant, Sandwick's primary contention is: Sortland, as plaintiff, proved only that he was injured in consequence of being struck from the rear by Swan's car, but failed to prove whether it was Swan's negligence or Sandwick's negligence. (It is his position that there was no evidence of concurring negligence having occasioned the Sortland injuries, and that there could not be a judgment against both.)

It was Sandwick's theory that before he hit Swan the latter had already hit Sortland and caused him to collide with Wayson. This he refers to as the "two-crash" theory, and insists that if the case was to go to the jury, it should, in all events, have been limited to a choice between the "two-" and the "one-crash" theory.

Under the "two-crash" theory, it was the first crash—Swan hitting Sortland—that rendered the latter unconscious and was responsible for his injuries. Under this theory Swan had hit Sortland, and the impact had left his car some distance behind Sortland who had hit Wayson. Sandwick then hit Swan, and this sent Swan into Sortland a second time and made Sortland bump Wayson, a second time, thus accounting for the second, lighter and almost simultaneous jolt concerning which Wayson testified.

The "one-crash" theory is that it was Sandwick's hitting Swan which caused his car to "surge" forward and initiated the chain reaction that caused Sortland's injuries. There was substantial evidence to sustain this theory, and the jury's right to find that Sandwick was negligent cannot be gainsaid.

The trial court, after considering the post-trial motions, concluded that there was no substantial evidence of Swan's negligence to sustain the "two-crash" theory and that it should not have been submitted to the jury; and, for that reason, granted the judgment n.o.v. as to Swan. We agree with the trial court.

The testimony of the witnesses, as it bore on the probability of the "two-crash" theory, was briefly as follows: Wayson testified that he felt two almost simultaneous "jolts," the second one being the lighter of the two. Sort-

land was rendered unconscious, when his car was hit, and did not know whether it was hit a second time. Swan testified that there was but one crash and that he was stopped behind the Sortland car 5 to 8 seconds before Sandwick hit him and caused him to hit Sortland.

Sandwick claimed that the Swan car stopped suddenly in front of him and that he saw no brake lights. He did not testify that he either saw or heard Swan hit Sortland; he merely conjectured that Swan stopped because he had hit Sortland inasmuch as he (Sandwick) did not see any brake lights.

Neither Sandwick's conjecture, nor the speculative inference from Wayson's testimony about an almost simultaneous second and lighter "jolt," is sufficient to establish two independent crashes—one caused by Swan, the second by Sandwick. Nor do the damages sustained by the cars add support to either the conjecture or the speculative inference. Sandwick's car, damaged only on the front end, had a repair bill of $209. Swan's car, sandwiched in between Sortland and Sandwick and thus damaged fore and aft, had a repair bill of $322. As the trial judge said,

". . . in collisions such as we are involved with here there is such a complexity of forces and results that the physical damage to the vehicles affords no idea whether there were one or two impacts.

"The physical damage to the Swan and Sardwick vehicles taken alone or taken into consideration with the testimony of Wayson that he felt two impacts does not give rise to any reasonable inference that there were in fact two impacts, the first of which was initiated by the force of the Swan vehicle. . . ."

Supporting the trial court's conclusion that the "two-crash" theory (predicated as that theory is upon the negligence of Swan, the evidence of which was speculative and conjectural) should not have been presented to the jury, are a number of cases[2] of which *Arnold v. Sanstol* (1953),

[2]*Wilson v. Northern Pac. R. Co.* (1954), 44 Wn. (2d) 122, 130, 265 P. (2d) 815; *Stevens v. King Cy.* (1950), 36 Wn. (2d) 738, 747, 220 P. (2d) 318; *Carley v. Allen* (1948), 31 Wn. (2d) 730, 737, 198 P. (2d) 827; *Gardner v. Seymour* (1947), 27 Wn. (2d) 802, 809, 180 P. (2d) 564; *Home Ins. Co. v. Northern Pac. R. Co.* (1943), 18 Wn. (2d) 798,

43 Wn. (2d) 94, 260 P. (2d) 327, is typical. We there said (p. 99): "A verdict cannot be founded on mere theory or speculation."

The jury, by its verdict, found that both Swan and Sandwick were negligent and that the negligence of each was a proximate cause of Sortland's injuries. There being no substantial evidence to sustain that finding, as to Swan, there could be no concurring negligence and no judgment against him. On the other hand, there was substantial evidence to sustain the finding that Sandwick was negligent and that his negligence was a proximate cause of Sortland's injuries; and, hence, the trial court properly entered a judgment against him.

Sandwick, in his reply brief, vigorously presented the challenging contention that he was aggrieved by and, hence, could appeal from the judgment n.o.v. in favor of the defendant Swan and his dismissal from the case because Sandwick was entitled to contribution from Swan as a concurrent tort feasor.

We have had to consider the merits of Swan's dismissal from the case in order to show that the judgment against Sandwick should be sustained; and that this was not a case of choosing one of two speculative and conjectural theories, as in *Gardner v. Seymour*, 27 Wn. (2d) 802, 180 P. (2d) 564, and *Cambro v. Snook* (1953), 43 Wn. (2d) 609, 262 P. (2d) 767; rather, that this was a case where only one theory was speculative and conjectural and the other was supported by substantial evidence. For that reason Sandwick has, in effect, had a consideration on the merits of the dismissal of Swan, whether or not the former was technically or practically an aggrieved party, insofar as the dismissal of the latter was concerned.

However, further supporting his contention that he was aggrieved by the dismissal of Swan, the appellant Sandwick urged that we should overrule our decisions holding that there was no contribution between joint or concurrent tort feasors.

802, 803, 140 P. (2d) 507, 147 A.L.R. 849; *Prentice Packing & Storage Co. v. United Pac. Ins. Co.* (1940), 5 Wn. (2d) 144, 164, 106 P. (2d) 314.

Sustaining, as we do, the trial court's conclusion that there was not sufficient evidence to take the issue of Swan's negligence to the jury, we do not reach a consideration of the contribution issue.

The judgment against the defendant Sandwick is affirmed.

OTT, C. J., ROSELLINI, and HALE, JJ., and DAWSON, J. Pro Tem., concur.

